## In re BROKERAGE SURPLUS CORPORATION, Debtor.

### Bankruptcy No. 80 B 11743 (EJR).

United States Bankruptcy Court,
S.D. New York.

Aug. 26, 1983.

Herzfeld & Rubin, P.C., New York City, for claimant.

Robert B. Schindler, New York City, trustee in bankruptcy.

Brady & Tarpey, P.C., New York City, for debtor in state court action.

## DECISION AND ORDER ON MOTION TO ALLOW CLAIM

EDWARD J. RYAN, Bankruptcy Judge.

Volkswagenwerk Aktiengesellschaft (VWA) moves for "an order pursuant 11 U.S.C.A. § 502, allowing the claim heretofore filed by Volkswagenwerk Aktiengesellschaft in this proceeding, together with such other and further relief as the Court deems just and proper in the premises." Notice was given to Robert B. Schindler, Esq., as trustee in bankruptcy of Brokerage Surplus Corporation (the debtor) and to Brady & Tarpey, P.C., attorneys for Brokerage Surplus Corporation in a state court action.

On the return date neither respondent appeared and the movant was heard. The papers show, *inter alia,* that by stipulation of settlement and discontinuance of the state court action:

IT IS HEREBY STIPULATED AND AGREED TO, between counsel for plaintiff Volkswagenwerk Aktiengesellschaft ("VWAG"), counsel for defendant Brokerage Surplus Corp. and the Trustee in Bankruptcy of Brokerage Surplus Corporation, that the within action by the VWAG against Brokerage Surplus Corp. is hereby settled and discontinued with prejudice upon the following terms and conditions:

1. Counsel for VWAG will prepare and submit a Proof of Claim on behalf of VWAG in the Bankruptcy proceeding entitled "In re BROKERAGE SURPLUS CORPORATION, Debtor" now pending in the United States Bankruptcy Court for the the [sic] amount of $40,000.

2. The Trustee in Bankruptcy will, and hereby does, agree, accept and recommend the claim of VWAG as an Approved Claim in the above-noted Bankruptcy proceeding.

3. VWAG will prepare and submit a motion to the Bankruptcy Court, in which the Trustee in Bankruptcy will join, seeking judicial approval of the claim as an Approved Claim. Upon approval of this claim by the Bankruptcy Court as an Approved Claim, the within action will be deemed settled and discontinued.

4. In the event final approval of the claim as an Approved Claim is not granted by the Bankruptcy Court, this Stipulation will be null and void, and VWAG may restore the within action to the Trial Calendar upon five (5) days notice.

The trustee in bankruptcy did not join in the motion (See ¶ 13 of the above-quoted stipulation).

The application is denied without prejudice of renewal on these papers and an appropriate motion made by the trustee in bankruptcy.

It is so ordered.